### R. D. HILL v. STATE.

No. A-8186. Oct. 30, 1931.
(4 Pac. [2d] 703.)

Charles G. Ozmun, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Comanche county, on the 13th day of May, 1931, of the crime of

unlawful possession of a still, and his punishment fixed by the jury at a fine of $500 and imprisonment in the county jail for 30 days. Appeal was filed in this court June 17, 1931.

The evidence of the state was that the officers were out in the neighborhood of defendant's farm, looking for a liquor offender; that as they came back they passed defendant's farm and turned in; that as they drove into the yard they saw defendant coming from the garage with something in his hand, and they could see in the garage a large mash tank and several lids, and that they knew what these were used for; that the officers introduced themselves to defendant, and told him they were officers; that they had heard there was a still out there and had come out to look around, if it was all right; that defendant said, "Go ahead and help yourselves; it will be all right." Mr. Klepper, deputy sheriff, testified that before they did anything they asked for his consent to the search, and that they had not done any searching until defendant gave them permission. On cross-examination he was asked:

"Q. When you went to Mr. Hill's place you went there for the purpose of searching him? A. Speaking for myself, I went there for that purpose, with his permission to do it."

The officers found a still buried on the north side of defendant's cow barn, nine mash vats, and some whisky mash, and found 125 gallons of whisky in the house, after they had arrested defendant.

Defendant, testifying for himself, said that when the officers asked him if they might search his premises he did not say anything. On cross-examination, he said he did not remember what the officers said to him or what

he said to them, but that he was the owner of the still and had concealed it on his premises the day before the officers made the search.

Defendant contends that the court erred in admitting the evidence obtained by the officers without a search warrant.

When defendant took the witness stand in his own behalf and admitted that he was in possession of and was the owner of the still, and that he had concealed it on his place, he made out a case for the state. The whole record shows the guilt of the defendant, and there was no miscarriage of justice.

In addition to the punishment of 30 days' imprisonment in the county jail, the jury assessed a fine of $500. To serve out this fine at $1 per day would require Comanche county to feed the defendant for 500 days, which is an undue hardship on the taxpayers of the county. Justice will be done both the state and the defendant by reducing this fine to $100.

The judgment is therefore modified to imprisonment in the county jail for 30 days, and a fine of $100, and, as modified, is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.